**PETITION FOR REVIEW DISMISSED in part, and DENIED in part**

John Kevin MCINTYRE, Petitioner—Appellant,

v.

Sylvia GARCIA, Warden, Respondent—Appellee.

No. 04–56927.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Decided March 1, 2006.

Maria E. Stratton, Esq., Gail Ivens, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

John Kevin McIntyre, Calipatria, CA, pro se.

Jennevee H. De Guzman, Michael R. Johnsen, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: THOMPSON, TROTT, and BEA, Circuit Judges.

## MEMORANDUM *

Petitioner John Kevin McIntyre appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for murder, possession of a firearm by a felon, and shooting an occupied motor vehicle. McIntyre contends that he received ineffective assistance of counsel when his trial counsel failed to investigate, prepare, and present evidence, through expert testimony, of his voluntary intoxication.[1] We have jurisdiction under 28 U.S.C. § 2253 and affirm.

While the applicable standard of review is not dispositive in the instant case, we conclude that the district court erred in employing de novo review rather than deferential review under the AEDPA. AEDPA deferential review was triggered because the California Court of Appeal "adjudicated on the merits" McIntyre's ineffective assistance of counsel claim. *Lambert v. Blodgett*, 393 F.3d 943, 969–71 (9th Cir.2004). Ineffective assistance of counsel claims are mixed questions of law and fact. *Id.* at 977. Therefore, we review the California Court of Appeal's ultimate conclusion per § 2254(d)(1) in order to ascertain whether the decision is "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent; we review the state court's underlying factual findings, when challenged "on evidence raised for the first time in federal court," under § 2254(e)(1), presuming them correct unless the new evidence establishes clear and convincing proof of error. *Lambert*, 393 F.3d at 978. Nevertheless, as discussed below, even if the California Court of Appeal's decision is reviewed de novo, McIntyre's ineffective assistance of counsel claim fails.

To prevail on his ineffective assistance of counsel claim, McIntyre must show

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. The certificate of appealability ("COA") granted by the district court stated the issue as follows: "Whether habeas relief is warranted under 28 U.S.C. § 2254(d) with respect to petitioner's claim that he received ineffective assistance of counsel when his trial counsel failed to investigate, prepare and present a diminished capacity defense through expert testimony." California has abolished by statute the diminished capacity defense. *See People v. Aguirre,* 31 Cal.App.4th 391, 37 Cal.Rptr.2d 48, 50 (1995). We grant

McIntyre's motion to construe the COA to certify the following issue: "Whether habeas relief is warranted under 28 U.S.C. § 2254(d) with respect to petitioner's claim that he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), where his trial counsel failed to investigate, prepare and present evidence, through expert testimony, of his voluntary intoxication." *See Williams v. Rhoades*, 354 F.3d 1101, 1106–07 (9th Cir. 2004) (holding that this court can consider claims not specifically excluded by a COA); *Furman v. Wood*, 190 F.3d 1002, 1005 (9th Cir.1999) (holding that COAs should be construed liberally).

both that his trial counsel's performance was deficient and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We need not decide whether there was deficient performance because McIntyre has not shown that he was prejudiced by his trial counsel's failure to investigate, prepare, and present evidence, through expert testimony, of his voluntary intoxication. Even if McIntyre's trial counsel had presented evidence of McIntyre's blood alcohol level through an expert's opinion as to the degree of intoxication indicated thereby, there is no "reasonable probability" that the jury would have accepted a voluntary intoxication or accident defense.

At trial, several witnesses testified that McIntyre did not appear drunk at the time of the shooting and one witness described McIntyre's conduct as purposeful and deliberate. McIntyre himself testified that he was only moderately drunk and that he was acting with purpose. McIntyre's counsel presented no expert testimony regarding McIntyre's blood alcohol level.

In the district court, McIntyre's medical expert testified that a high blood alcohol level would merely have reduced McIntyre's inhibitions, not prevented him from forming an intent to kill. McIntyre now claims there is a reasonable probability that such expert testimony would have changed the outcome of his case if presented at trial.

Having carefully considered McIntyre's *Strickland* argument, we must reject it. Even if defense counsel had presented in state court the expert testimony presented in the district court as to McIntyre's intoxication, there is no "reasonable probability" that the jury would have accepted the voluntary intoxication or accident defenses. *Id.* at 693, 104 S.Ct. 2052. The evidence clearly demonstrated that McIntyre's cognitive skills were not so impaired that he was prevented from premeditating or forming an intent to kill, and that his motor skills were not so impaired that the shooting was an accident. Accordingly, McIntyre has not demonstrated *Strickland* prejudice and his ineffective assistance of counsel claim fails.

**AFFIRMED.**